LAW OFFICE OF MICHAEL JAY GREEN
MICHAEL JAY GREEN    4451
michaeljgreen@hawaii.rr.com
LAW OFFICE OF PETER C. HSIEH
PETER C. HSIEH    3204
hsiehp002@hawaii.rr.com
Davies Pacific Center
841 Bishop Street, Suite 2201
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
Facsimile:   (808) 566-0347

Attorneys for Plaintiffs KIPENI LUTU, JR., and
GABRIELLE S. VALDES, individually and as parents
and next friends of their minor child, JOHN DOE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIPENI LUTU, JR., and GABRIELLE VALDES, individually and as parents and next friends of their minor child, JOHN DOE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>          Defendants. | CIVIL NO. _____<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff KIPENI LUTU, JR., and GABRIELLE VALDES ("Plaintiffs"), individually and as parents and next friends of their minor child, JOHN DOE, by and through their attorneys, Michael Jay Green and Peter C. Hsieh, for a Complaint against the above-named Defendants, allege and aver as follows:

## PARTIES

1.     Plaintiff KIPENI LUTU, JR., individually and as parent and next friend of her minor child, JOHN DOE ("Plaintiff") is, and was at all relevant times herein, a resident of the City and County of Honolulu, State of Hawaii.

2.     Plaintiff GABRIELLE VALDES, individually and as parent and next friend of her minor child, JOHN DOE ("Plaintiff") is, and was at all relevant times herein, a resident of the City and County of Honolulu, State of Hawaii.

3.     STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION ("Defendant" or "DOE") is, and was at all relevant times herein, a state government of the State of Hawaii

2

4.     Defendants DOE DEFENDANTS 1-20 are sued herein under fictitious names for the reason that their true names, capacities and responsibilities are presently unknown to Plaintiffs, but upon information and belief they are persons, entities, governmental agencies, and/or partnerships who were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein; and/or are in some manner responsible for the injuries and damages to Plaintiffs; and/or are persons who conducted some activity in a negligent, wrongful, and/or willful manner or who failed to fulfill a duty or obligation, which action, conduct, error or omission was the proximate cause of injuries or damages to Plaintiffs; and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein.  Plaintiffs will seek leave to amend this Complaint when the true names and capacities of the Doe Defendants have been ascertained.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of the claims against Defendants pursuant to 28 U.S.C. §§ 1331 and 1367 and supplemental jurisdiction of Plaintiff's state claims against Defendants.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (1) the defendants are residents of the State in this district and (2) a

3

substantial part of the events or omissions giving rise to Plaintiff's claims, injuries and/or damages occurred in this judicial district.

## FACTUAL ALLEGATIONS

7.     On or about February 25, 2014, in the City and County of Honolulu, State of Hawaii, 5-year-old JOHN DOE, a special needs student with developmental disabilities and autism attending Kauluwela Elementary School, wandered off campus due to lack of supervision by Defendant's school administrators and faculty, who did not know that JOHN DOE was missing until the final recess bell, and did not find him until JOHN DOE's father went looking for him and contacted the police who found JOHN DOE running along Kuhio Avenue following a bus near the Waikiki Trade Center.

8.     Hawaii Department of Education ("DOE") administers a compulsory school system overseeing approximately 256 public schools including Kauluwela Elementary School.

9.     Defendant, including its administrators, teachers and other staff in DOE schools, including Kauluwela Elementary School, have a duty of care and responsibility to protect its students from risks of injury.

10.     Due to the compulsory nature of its education system, Defendant, including administrators, teachers and other staff in DOE schools, including Kauluwela Elementary School, are required to adequately monitor and supervise its students, the school grounds, and the classrooms at all times while school is in session.

11.     Defendant was aware that JOHN DOE was a student with disabilities requiring specialized programs and services, highly qualified personnel or one-on-one assistance to protect him from harm.

12.     Because Defendant was aware of JOHN DOE's characteristics and special needs, including JOHN DOE frequently walking away, wandering off from the group, and not listening to commands during school, Defendant had an enhanced duty to supervise him in a way that ensures his safety beyond the profession standard of care for the general student population.

13.     Pursuant to the Individuals with Disabilities Education Act ("IDEA") of 1997, JOHN DOE is, and was at all relevant times herein, a child with a disability who qualifies for special education and related services.

14.     Therefore, under the IDEA, JOHN DOE is, and was at all relevant times herein, entitled to have an individualized education program ("IEP") tailored to his needs, including, but not limited to, providing one-on-one

5

supervision and closely monitoring and supervising him to ensure that he does not walk away and complies with commands.

15.    Defendant was aware that JOHN DOE had behavioral problems, including walking away, wandering off from the group, and not listening to commands during school, that interfered with his education or that might cause injury to him or other students, and was therefore required to provide a behavioral plan, which becomes the professional standard of care specific to JOHN DOE.

16.    Despite knowing and identifying JOHN DOE's behavior issues, Defendant failed, neglected, and/or refused to develop, provide, and/or carry out an adequate intervention plan for JOHN DOE.

17.    Defendant breached its special duty of care and supervision to Plaintiff.

18.    Defendant's breach directly and proximately caused damage to Plaintiff.

19.    As a result of Defendant's breach, Plaintiffs suffered and continues to suffer economic and non-economic damages.

## COUNT I
*Violation of the Individuals with Disabilities Education Act of 1997*

20.   Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 19 as though fully alleged herein.

21.   Defendant's wrongful acts and omissions violated Plaintiff rights pursuant to the Individuals with Disabilities Education Act ("IDEA") of 1997.

22.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs suffered and continues to suffer damages and are entitled to recover lawful damages against Defendant in such amounts as shall be shown at a trial or hearing hereof.

## COUNT II
### *Negligent Supervision*

23.   Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 22 as though fully alleged herein.

24.   Defendant's wrongful acts and/or omissions constitute negligent supervision.

25.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs suffered and continue to suffer damages and are entitled to recover lawful damages against Defendant in such amounts as shall be shown at a trial or hearing hereof.

7

## COUNT III
### *Negligent Training and/or Supervision*

26.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 25 as though fully alleged herein.

27.     Defendant owed a duty to properly train and supervise its administrators, teachers and other staff at Waikiki Elementary School on the their duty and responsibility to care for special needs students with disabilities.

28.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs suffered and continue to suffer damages and are entitled to recover lawful damages against Defendant in such amounts as shall be shown at a trial or hearing hereof.

WHEREFORE, Plaintiffs pray for Judgment in their favor and against Defendant, as follows:

A.     Special damages in an amount to be determined at a trial or hearing hereof;

B.     General damages in an amount to be determined at a trial or hearing hereof;

8

C.      Reasonable attorneys' fees and costs;

D.      Pre-judgment and post-judgment interest; and

E.      Any and all other relief as may be deemed just and equitable by

the Court.

DATED:  Honolulu, Hawaii, February 25, 2016.

_____
MICHAEL JAY GREEN
PETER C. HSIEH
Attorneys for Plaintiff
KIPENI LUTU, JR., and
GABRIELLE VALDES,
individually and as parents and next
friends of their minor child, JOHN
DOE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIPENI LUTU, JR., and GABRIELLE VALDES, individually and as parents and next friends of their minor child, JOHN DOE, | CIVIL NO. _____ |
| | DEMAND FOR JURY TRIAL |
| Plaintiffs, | |
| vs. | |
| STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, CORPORATIONS OR OTHER ENTITIES 1-20, | |
| Defendants. | |

### DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues triable of right by jury in this case pursuant to Rule 38, Federal Rules of Civil Procedure.

DATED:  Honolulu, Hawaii, February 25, 2016.

MICHAEL JAY GREEN
PETER C. HSIEH
Attorneys for Plaintiff
KIPENI LUTU, JR., and
GABRIELLE VALDES,
individually and as parents and next
friends of their minor child, JOHN
DOE

HID 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

| | |
|---|---|
| KIPENI LUTU, JR., and GABRIELLE S. VALDES, individually and as parents and next friends of their minor child, JOHN DOE<br><br>*Plaintiff*<br><br>v.<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION<br><br>*Defendant* | )<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, CORPORATIONS OR OTHER ENTITIES 1-20

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Law Office of Michael Jay Green          Law Office of Peter C. Hsieh
Michael Jay Green  4451          Peter C. Hsieh  3204
Davies Pacific Center
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: 521-3336; Fax: 566-0347

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                     *Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KIPENI LUTU, JR., and GABRIELLE VALDES, individually and as parents and next friends of their minor child, JOHN DOE

### DEFENDANTS
STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Michael Jay Green and Law Office of Peter C. Hsieh
Michael Jay Green 44451      Peter C. Hsieh 3204
841 Bishop Street, #2201, Honolulu, HI 96813, Tel: 521-3336

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                     *and One Box for Defendant)*

|                                   | PTF | DEF |                                                        | PTF | DEF |
|-----------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State             | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State          | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                    | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*         JUDGE _____   DOCKET NUMBER _____

DATE   FEB 2 5 2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____